FILED
OCT 14  3 43 PM '03
U.S. DISTRICT COURT
NEW HAVEN, CONN.

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| RHEA MILARDO | NO.: 3:03CV0401 (MRK) |
| v. | |
| TOWN OF WESTBROOK,<br>WESTBROOK POLICE UNION,<br>Local 1257, AFSCME Council 15,<br>and DOUGLAS SENN | OCTOBER 10, 2003 |

## REPLY MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO DISMISS

The defendant, Douglas Senn, hereby submits this reply memorandum of law in support of his motion to dismiss dated September 23, 2003.

### I.    § 46a-58 Does Not Apply To Discriminatory *Employment* Practices.

The holding in Commission on Human Rights and Opportunities v. Truelove and MacLean, 238 Conn. 337, 680 A.2d 1261 (1996) is unmistakable -- §46a-58 of the Connecticut General Statutes does not apply to discriminatory employment practices encompassed by §46a-60. The Supreme Court held that "the specific, narrowly tailored cause of action embodied in §46a-60 supersedes the general cause of action embodied in §46a-58(a)." Id.

The plaintiff argues that the Supreme Court's subsequent decision in Perodeau v. City of Hartford, 259 Conn. 729, 792 A.2d 752 (2002), has changed the landscape. The plaintiff is mistaken. First, the applicability of §46a-58 was not before the Court in Perodeau. Therefore, the Perodeau decision, unlike that in Truelove, is not controlling nor even persuasive authority. Second, the only issue to be decided is whether or not the plaintiff has alleged a discriminatory employment practice. That determination does

not involve an inquiry into whether or not the plaintiff has, or should have, a cause of action against an individual employee.

Third, the Court in Perodeau did not overturn existing law. On the contrary, the majority of the superior courts that had addressed the issue prior to Perodeau had held that §46a-60(a)(1) did not provide for individual liability. See Robinson v. Connecticut Connecticut Rental Centers, 2000 Ct. Sup. 9590 (Aug. 7, 2000) (Gordon, J.) (attached as Exhibit A to defendant's prior memorandum). Further, the Second Circuit had previously concluded that the term "employer" set forth in Title VII did not apply to individual employees. See Tomka v. Seiler Corp., 66 F.3d 1295, 1313, 1317 (2nd Cir. 1995). The Court was certainly aware of the language in §46a-60 when it decided Truelove. Hence, there is no reason to believe that the Court would overturn Truelove now, only six years after it was decided.

## II.    §46a-58 Does Not Provide A Private Cause Of Action.

Finally, the plaintiff cites Commission on Human Rights and Opportunities v. Cheshire Bd. of Educ., 2001 WL 1681826 (Dec. 13, 2001) (Schuman, J.), for the proposition that §46a-58 provides a civil right of action despite the penal language used in the statute. That case, however, in inapposite. Judge Schuman held only that the Connecticut Commission on Human Rights and Opportunities (CHRO) has a right to hear claims that a person was deprived of a right to an education program on the basis of race. The court did not address whether the statute provided for a private right of action. Conversely, in Lyon v. Jones, 2003 Ct. Sup. 8679 (Jul. 2, 2003) (Rittenband, J.) (attached as **Exhibit A**), the superior court held that §46a-58 does not provide for a private cause of action, and noted that a violation of the statute could "only be prosecuted through the CHRO's administrative procedures." Lyon, 2003 Ct. Sup. at 8680, citing, Garcia v. St. Mary's Hospital, 46 F.Supp.2d 140, 141 (Conn.).

### III. **Conclusion**

For the reasons set forth above and in the defendant's prior motion and memorandum of law, the defendant respectfully requests that the Court dismiss the plaintiff's Thirteenth Count as to Douglas Senn.

                              DEFENDANT,
                              DOUGLAS SENN

By _/s/ Alexandria L. Voccio_
Alexandria L. Voccio
ct21792
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114
(860) 249-1361
(860) 249-7665 (Fax)
E-mail: avoccio@hl-law.com

## CERTIFICATION

    This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U. S. mail to the following counsel of record this 10th day of October, 2003.

Charles D. Houlihan, Jr., Esquire
P.O. Box 582
Simsbury, CT  06070

Susan M. Phillips, Esquire
Hinda K. Kimmel, Esquire
Eileen C. Duggan, Esquire
Suisman, Shapiro, Wool, Brennan
 Gray & Greenberg, P.C.
Two Union Plaza, Suite 200
P.O. Box 1591
New London, CT  06320-1591

                  _____
                  Alexandria L. Voccio

LYON v. JONES, No. CV 01-0812369 S (Jul. 2, 2003)
Case 3:03-cv-00401-MRK   Document 40   Filed 10/14/2003   Page 5 of 7   Page 1 of 3

Connecticut Trial Ct. Unpublished Decisions

LYON v. JONES, No. CV 01-0812369 S (Jul. 2, 2003)

GERALDINE D. LYON v. VIRGINIA JONES ET AL.

2003 Ct. Sup. 8679

No. CV 01-0812369 S

Superior Court

Judicial District of Hartford at Hartford.

July 2, 2003≥

MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS/STRIKE

RITTENBAND, JUDGE TRIAL REFEREE.

This is an action brought pursuant to the Connecticut Fair Employment Practices Act ("CFEPA") Sections <46a-58> (a), 46a-60 (a) (1), and 46a-70 (a) of the Connecticut General Statutes. The plaintiff claims that she suffered discrimination in employment on the basis of her sex, age, and disability and that she was denied equal protection under the law. The defendant, Virginia Jones, (hereinafter "Jones") was and is the Chief Administrative Officer of the Attorney General's Office of the State of Connecticut. The defendant, Edward Reynolds, (hereinafter "Reynolds") was and is an Assistant Attorney General of the Attorney General's Office of the State of Connecticut. The Office of the Attorney General in Hartford, Connecticut was and is an employer within the meaning of said statutes and employed more than fifty individuals. The plaintiff claims that she was and is disabled in that she suffers from Chronic Fatigue Deficiency Syndrome (CFDS).

The defendants filed a Motion to Dismiss on February 19, 2002, and stated in the motion "In the alternative, the court may construe this as a motion to strike pursuant to Connecticut Practice Book § 10-39 for failure to state a claim upon which relief can be granted." The Court accepts the invitation of the defendants to treat this as a motion to strike since this will give the plaintiff an opportunity to plead over.

The complaint has been brought in nine counts, and the Court will address each count separately.

FINDINGS

COUNT ONE is against the Office of the Attorney General under CGS § <46a-58> (a). This section is a penal statute, Section (d) providing that "Any person who violates any provision of this section shall be guilty of a Class A Misdemeanor, except that if property is damaged as a consequence of such violation in an amount in excess of $1,000, such
CT Page 8680
person shall be guilty of a Class D Felony." This section does not provide for a private cause of action. It can only be prosecuted through the CHRO's administrative procedures. *Garcia v. St. Mary's Hospital*, 46 F. Sup.2d 140, 141 (March 31, 1999), United States District Court,

District of Connecticut. Accordingly, Count One is stricken.

COUNT TWO is brought against the Office of the Attorney General only arising under CGS § 46a-60 (a) (1). This count is properly pleaded against the Office of the Attorney General only, and, therefore, the Motion to Strike is denied as to Count Two-.

COUNT THREE is brought against the Office of the Attorney General only arising under CGS § 46a-70 (a). This count is properly pleaded, and, therefore, the Motion to Strike Count Three is denied.

COUNT FOUR against Virginia Jones under CGS § <46a-58> (a) fails because there is no private cause of action under said statute. Accordingly, Count Four is stricken.

COUNT FIVE as to Virginia Jones arising under CGS § 46a-60 (a) (1) also fails because in *Perodeau v. City of Hartford*, 259 Conn. 729, 744 (2002) the Connecticut Supreme Court held that CGS § 46a-60 (a) (1) does not impose liability upon individual employees. Accordingly, Count Five is stricken.

COUNT SIX as to Virginia Jones arising under CGS § 46a-70 (a) may stand as it is. It is properly pleaded. CGS § 46a-99 provides that "Any person claiming to be aggrieved by a variation of any provision of Sections 46a-70 to 46a-78, inclusive . . . may petition the Superior Court for appropriate relief and said court shall have the power to grant such relief, by injunction or otherwise, as it deems just and suitable." There is no prohibition as to suing an individual as there is in CGS § 46a-60 (a) (1), and CGS § 46a-99 permits such an action. There is no indication in the complaint that the plaintiff filed a complaint with the Commission on Human Rights and Opportunities. Therefore, the time limits in regard to bringing suit after a release by the Commission on Human Rights and Opportunities do not apply. This count can survive under CGS §§ 46a-70 and 46-99. Accordingly, the Motion to Strike Count Six is denied.

COUNT SEVEN as to Edward Reynolds arising under CGS § <46a-58 (a) fails because there is no private cause of action under said statute. Accordingly, Count Seven is stricken.

COUNT EIGHT as to Edward Reynolds arising under CGS § 46a-60 (a) (1).
CT Page 8681
Based upon the ruling in *Perodeau v. City of Hartford, supra*, this section does not impose liability on individual employees. Accordingly, Count Eight is stricken.

COUNT NINE as to Edward Reynolds arising under CGS § 46a-70 (a), the same ruling applies to Count Nine as has been applied to Count Six. Accordingly, the Motion to Strike Count Nine is denied.

The prayer for relief, paragraph d, claiming injunctive relief is stricken because the plaintiff has not alleged likelihood of success on the merits or that the plaintiff will suffer irreparable harm if the injunction is not granted.

It should be noted that at short calendar on July 1, 2003, Assistant Attorney General Sharon A. Scully represented to the Court that the Motion to Dismiss/Strike may be taken on the papers by agreement of counsel.

As for the accidental failure of suit claim, there has to be more than a simple allegation as to accidental failure of suit. It would appear that that claim is based upon a concern by the plaintiff that the lawsuit was not brought within ninety days of the release from the Commission on Human Rights and Opportunities. However, the Court finds no allegation in the Complaint of a complaint filed with said Commission, and despite the plaintiff's memorandum dated March 5, 2002, the Court finds that the complaint does not allege an action under CGS § 46a-100 et seq. and has found that the counts alleging violation of CGS § 46a-70 have been properly brought under CGS § 46a-99.

Rittenband, JTR
CT Page 8682

Copyright © 2003 Loislaw.com, Inc. All Rights Reserved