UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RHEA MILARDO | : | CIVIL ACTION NO. |
| | : | 3:03CV0401 (CFD) |
| vs. | : | |
| TOWN OF WESTBROOK, WESTBROOK POLICE UNION, Local 1257, AFSCME Council 15, and DOUGLAS SENN | : : | FEBRUARY 25, 2004 |

**MOTION TO ENFORCE SETTLEMENT AGREEMENT
AND/OR ENTER JUDGMENT IN ACCORDANCE THEREWITH**

The defendant Town of Westbrook (hereinafter "Westbrook") hereby moves to enforce the settlement agreement reached at a settlement conference with Magistrate Garfinkle on December 5, 2003, and/or for the court to enter judgment in accordance with that settlement agreement. In addition, Westbrook requests costs, attorneys fees, and damages relating to the preparation and pursuit of this motion.

"A settlement is a contract, and once entered into is binding and conclusive." Janneh v. GAF Corp., 887 F.2d 432, 436 (2d Cir. 1989), overruled on other grounds by Digital Equipment Cor. v. Desktop Direct, Inc., 511 U.S. 863, 114 S.Ct. 1992, 128 L.Ed.2d 842 (1994); accord Janus Films, Inc. v. Miller, 801 F.2d 578, 583 (2d Cir. 1986) ("Agreements that end lawsuits are contracts, sometimes enforceable in a subsequent suit, but in many situations enforceable by entry of a judgment in the original suit.") The interpretation and enforcement of contractual obligations between private parties is controlled by principles of state law. See, Concerned Tenants Assoc. of Father Panik Village v. Pierce, 685 F.Supp. 316, 323 (D.Conn. 1988); see also Ciaramella v. Readers Digest Assoc. Inc., 131 F.3d 320, 322 (2d. Cir. 1997) (Concluding that general principles of contract interpretation regarding parties' intent applied to determination of whether parties reached settlement of claims).

"A trial court has the inherent power to enforce summarily a settlement agreement as a matter of law when the terms of the agreement are clear and unambiguous." Audubon Parking Assoc. L.P. v. Barclay & Stubbs, Inc., 225 Conn. 804, 811, 626 A.2d 729

>(1993);see also Meetings & Expositions, Inc. v. Tandy Corp., 490 F.2d 714, 717 (2d. Cir. 1974) ("A district court has the power to enforce summarily, on motion, a settlement agreement reached in a case pending before it.") (Citations omitted.)
>
>"Summary enforcement is not only essential to the efficient use of judicial resources, but also preserves the integrity of settlements as a meaningful way to resolve legal disputes. When parties agree to settle a case, they are effectively contracting for the right to avoid a trial. The asserted right not to go to trial can appropriately be based on a contract between the parties. We hold that a trial court may summarily enforce a settlement agreement within the framework of the original lawsuit as a matter of law when the parties do not dispute the terms of the agreement." Audubon, 225 Conn. at 812, 626 A.2d 729. (Internal quotations and citations omitted.)

Pultney Arms, LLC v. Shaw Industries, Inc., 2002 WL 31094971 (D.Conn.) (Arterton, J. Sept. 6, 2002 Ruling on Cross-Motions to Enforce Settlement).

Here, as is set forth in the accompanying affidavit of Susan M. Phillips, counsel for the Town of Westbrook in attendance at the settlement conference on December 5, 2003, a clear and unambiguous settlement agreement was reached by all parties. Subsequent to December 5, 2003, the plaintiff decided she was unhappy with the settlement agreement she had participated in and has attempted to modify the agreement to include terms specifically rejected by the parties and intentionally omitted from the final settlement agreement reached on December 5, 2003.

In light of what will prove to be undisputed facts,[1] and in order to promote justice between the parties and the efficiency of court processes including the use of judicial settlement conference, this court should grant this motion to enforce the settlement agreement reached on December 5, 2003 and/or enter judgment in accord with that agreement.

---

[1] Defendant Westbrook acknowledges that the court may wish to solicit affidvaits from all persons in attendance at the December 5, 2003 settlement conference in order to confirm that the terms of the settlement agreement were in fact clear and unambiguous before granting this motion. This is the procedure followed by the Connecticut District Court in Baldwin v. Gavin, 6 Fed. Appx. 107, 2001 WL 431534 (2d. Cir. Conn.).

Counsel for the other defendants, Eric Brown for the Police Union and Alex Voccio for Douglas Senn, have reviewed copies of this motion and have indicated that their clients are in agreement that it should be granted.

        THE DEFENDANT
        Town of Westbrook

By   /s/ Susan M. Phillips
      Susan M. Phillips
      Suisman, Shapiro, Wool, Brennan,
      Gray and Greenberg, P.C.
      2 Union Plaza - Suite 200
      P.O. Box 1591
      New London, CT 06320
      Telephone:  (860) 442-4416
      Facsimile:  (860) 442-0495
      Fed. Bar No.:  Ct15529
      Its Attorney

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed, postage-prepaid, on this 25th day of February, 2004, to the foregoing:

Charles D. Houlihan, Jr., Esq.
P.O. Box 582
Simsbury, CT 06070

Michael Rose
Alexandria Voccia
Martha Shaw
Howd and Ludorf
65 Wethersfield Ave.
Hartford, CT 06114

Eric R. Brown, Esq.
AFSCME Council 15 Legal Dept.
290 Pratt Street
Meriden, CT 06450

                                                  /s/ Susan M. Phillips
                                                  Susan M. Phillips
                                                  Commissioner of the Superior Court