UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RHEA MILARDO : CIVIL ACTION NO.

: 3:03CV0401 (CFD)

vs. :

TOWN OF WESTBROOK,
WESTBROOK POLICE UNION,
Local 1257, AFSCME Council 15,
and DOUGLAS SENN : FEBRUARY 27, 2004

## AFFIDAVIT OF ERIC R. BROWN
## IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT AGREEMENT

1) I am over the age of eighteen (18) and I understand the obligations of an oath.

2) I am an attorney with AFSCME Coucnil 15 Legal Dept..

3) I represent the defendant Westbrook Police Union, and AFSCME Council 15 in the above captioned matter.

4) I was in attendance at a settlement conference in the above captioned matter on December 5, 2003. This settlement conference was conducted by Magistrate Garfinkle at the Federal District Courthouse in Bridgeport, Connecticut.

5) This settlement conference was attended by: the plaintiff, Rhea Milardo; her attorney, Charles Houlihan; John Bennet, the Town Attorney for the Town of Westbrook; David Dowd, a representative of the Connecticut Insurance Guaranty Association the successor to the Town of Westbrook's insurer, Legion Insurance; Michael Rose of Howd & Ludorf as counsel for defendant Douglas Senn; and Sue Philips, attorney for Town of Westbrook.

6) The Milardo settlement conference was conducted jointly with a settlement conference in Benjamin Quinones v. Town of Westbrook, et al., (Docket No. 3:03cv777 (CFD)) a case arising out of the same factual scenario and involving many of the same parties. Additional attendees at the settlement conference who were present at the time the final settlement was reached in both cases included: Mark Kendall, Assistant Attorney General; Peter Roxo, a representative from Royal Sun Insurance, which was the Town's insurer for the Quinones claim; Benjamin Quinones; and Mr. Quinones' attorney, A. Paul Spinella.

7) At the conclusion of the settlement conference there was an agreement that a pool of $50,000 was to be created including contributions from Royal Sun Insurance, the Connecticut Insurance Guaranty Association, and AFSCME Council 15. From these pooled funds, Mr. QUInones was to be paid $25,000 and Ms. Milardo was to be paid $25,000. In consideration for these payments, both Mr. Quinones and Ms. Milardo agreed to withdraw and release all claims against the Town of Westbrook, Douglas Senn, and the Local Police Union and AFSCME Council 15.

8) A few additional settlement terms were discussed at the settlement conference. One was that the EEO policy of the Town of Westbrook would be reviewed, updated as necessary, and circulated for the benefit of all employees. This term was agreed upon by all parties. Another was that the undersigned would ascertain whether a specific Resident State Trooper had ever given a signed statement to the Town's investigators, and if so, this statement would be produced to Ms. Milardo. Again, this provision was agreed to by all parties.

9) The final additional settlement term proposed by Ms. Milardo's attorney was that Ms. Milardo be allowed to testify at an upcoming grievance arbitration in which Mr. Senn (the alleged harasser) was grieving his termination from employment with the Town of Westbrook. This proposed settlement term was rejected by all defendants and ultimately Ms. Milardo agreed to the settlement of her claims against the Town, the Police Union and Mr. Senn without inclusion of this term.

10) Following this settlement conference, on or about January 8, 2004, the undersigned forwarded plaintiff's attorney a copy of the settlement agreements drafted to memorialize the agreement reached on December 5, 2003. (See Exhibit A.)

11) On or about January 14, 2004, plaintiff's attorney requested additional copies of the settlement documents (see Exhibit B), which the undersigned supplied under cover letter dated January 15, 2004 (see Exhibit C).

12) As of February 25, 2004, plaintiff has declined to sign the written settlement agreements. It is my understanding that Ms. Milardo is refusing to sign these agreements on a desire to participate in the arbitration proceedings concerning the grievance of Douglas Senn, a conditional that was expressly excluded from the settlement agreement reached on December 5, 2003.

13) The foregoing is true and correct to the best of my knowledge and belief.

*Eric R. Brown* (signature)

Eric R. Brown

Subscribed and sworn before me this 27th day of February, 2004.

*Marlene R. Rodriguez* (signature)
Notary Public   Exp: 1/31/08

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed, postage-prepaid, on this 3rd day of March, 2004, to the following:

Charles Houlihan, Attorney
1276 Hopmeadow Street
P.O. Box 582
Simsbury, CT 06070-0582

Michael Rose
Alexandria Voccia
Martha Shaw
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114

Susan M. Philips, Esq.
Suisman, Shapiro, Wool,
Brennan, Gray & Greenberg, P.C.
P.O. Box 1591
New London, CT 06320

Eric R. Brown
Commissioner of the Superior Court