UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

CIVIL ACTION NO. 3:03CV401 (MRK)

RHEA MILARDO

vs.

TOWN OF WESTBROOK,
WESTBROOK POLICE UNION,
Local 1257, AFSCME Council 15,
and DOUGLAS SENN

March 4, 2004

### Affidavit of David D. Dowd

1. I am a member of the law firm of Curley & Curley, P.C., 27 School Street, Boston, Massachusetts. I am a member of the bar in the Commonwealth of Massachusetts and U.S. District Court for the District of Massachusetts. My Connecticut Federal Bar Number is CT 20240.

2. I represented the Connecticut Insurance Guaranty Association with respect to this matter. The Association assumed certain rights and duties of the insolvent Legion Insurance Co., which was one of the liability insurers for the Town of Westbrook.

3. I was in attendance at a settlement conference in the above-captioned matter on December 5, 2003. This settlement conference was conducted by Magistrate Garfinkle at the Federal District Courthouse in Bridgeport, Connecticut.

4. At the conclusion of the settlement conference, there was an agreement that a pool of $50,000.00 was to be created including contributions from Royal Sun Insurance, the Connecticut Insurance Guaranty Association and AFSCME Council 15. From those

pooled funds, Mr. Quinones was to be paid $25,000.00 and Ms. Milardo was to be paid $25,000.00. In consideration for these payments, both Mr. Quinones and Ms. Milardo agreed to withdraw and release all claims against the Town of Westbrook, Douglas Senn, the Local Police Union and AFSCME Council 15.

5. A few additional settlement terms were discussed at the settlement conference. One was that the EEO policy of the Town of Westbrook would be reviewed, updated as necessary, and circulated for the benefit of all employees. This term was agreed upon by all parties. Another was that Attorney Phillips would ascertain whether a specific Resident State Trooper had ever given a signed statement to the Town's investigators, and if so, this statement would be produced to Ms. Milardo. Again, this provision was agreed to by all parties.

6. Ms. Milardo's attorney also proposed that settlement be conditioned upon Ms. Milardo's right to participation in certain arbitration proceedings related to the incident which generated her suit against the Town, et al. This term was rejected by all Defendants, who were insistent upon cessation of legal proceedings with Ms. Milardo upon settlement of this litigation. After discussion with counsel and the Magistrate, Milardo agreed to the settlement of claims against the Town, et al. without inclusion of this term.

Signed under the pains and penalties of perjury this _____ day of March, 2004.

David D. Dowd, Federal Bar No. CT20240
Curley & Curley, P.C.
27 School Street
Boston, MA 02114
(617) 523-2990/(617)523-7602 fax

- 2 -

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed, postage-prepaid, on this 8th day of March, 2004, to the foregoing:

Charles D. Houlihan, Jr., Esq.
P.O. Box 582
Simsbury, CT 06070

Michael Rose
Alexandria Voccia
Martha Shaw
Howd and Ludorf
65 Wethersfield Ave.
Hartford, CT 06114

Eric R. Brown, Esq.
AFSCME Council 15 Legal Dept.
290 Pratt Street
Meriden, CT 06450

Susan M. Phillips
Commissioner of the Superior Court

SUISMAN, SHAPIRO, WOOL, BRENNAN, GRAY & GREENBERG, P.C.   THE COURTNEY BUILDING, SUITE 200, 2 UNION PLAZA, POST OFFICE BOX 1591
NEW LONDON, CONNECTICUT 06320   TEL. (860) 442-4416   JURIS NO. 62114