UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RHEA MILARDO | : | NO.: 3:03CV0401 (MRK) |
| | : | |
| v. | : | |
| | : | |
| TOWN OF WESTBROOK, | : | |
| WESTBROOK POLICE UNION, | : | |
| Local 1257, AFSCME Council 15, | : | |
| and DOUGLAS SENN | : | MARCH 11, 2004 |

### AFFIDAVIT OF MICHAEL J. ROSE
### IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT AGREEMENT

I, Michael J. Rose, being duly sworn, depose and say that:

1.    I am over the age of eighteen (18) and I understand the obligations of an oath;

2.    I am associated with the law firm of Howd & Ludorf in Hartford, Connecticut;

3.    I represent the defendant Douglas Senn in the above-captioned matter;

4.    I was in attendance at a settlement conference in the above-captioned matter  on December 5, 2003.  This settlement conference was conducted by Magistrate Garfinkel at the Federal District Courthouse in Bridgeport, Connecticut;

5.    This settlement conference was attended by:  the plaintiff, Rhea Milardo; her attorney, Charles Houlihan; John Bennet, the Town Attorney for the Town of Westbrook; David Dowd, a representative of the Connecticut Insurance

Guaranty Association, the successor to the Town of Westbrook's insurer, Legion Insurance; Susan Phillips of Suisman, Shapiro, as attorney for the Town of Westbrook, and Eric Brown, the attorney for Westbrook Police Union Local 1257, AFSCME Council 15;

6.     The Milardo settlement conference was conducted jointly with a settlement conference in <u>Benjamin Quinones v. Town of Westbrook, et al</u>, Docket No. 3:03cv777 (CFD), a case arising out of the same factual scenario and involving many of the same parties.  Additional attendees at the settlement conference who were present at the time the final settlement was reached in both cases included:  Mark Kendall, Assistant Attorney General; Peter Roxo, a representative from Royal Sun Insurance, which was the Town's insurer for the Quinones' claim; Benjamin Quinones; and Mr. Quinones' attorney, A. Paul Spinella;

7.     At the conclusion of the settlement conference, there was an agreement that a pool of $50,000 was to be created including contributions from Royal Sun Insurance, the Connecticut Insurance Guaranty Association, and AFSCME Council 15.  From these pooled funds, Mr. Quinones was to be paid $25,000 and Ms. Milardo was to be paid $25,000.  In consideration for these payments, both Mr. Quinones and Ms. Milardo agreed to withdraw and release all claims against the Town of Westbrook, Douglas Senn, and the Local Police Union and AFSCME Council 15;

8.     A few additional settlement terms were discussed at the settlement conference.  One was that the EEO policy of the Town of Westbrook would be

2

reviewed, updated as necessary, and circulated for the benefit of all employees.  This term was agreed upon by all parties.  Another was that the undersigned would ascertain whether a specific Resident State Trooper had ever given a signed statement to the Town's investigators, and if so, this statement would be produced to Ms. Milardo.  Again, this provision was agreed to by all parties;

9.    The final additional settlement term proposed by Ms. Milardo's attorney was that Ms. Milardo be allowed to testify at an upcoming grievance arbitration in which Mr. Senn (the alleged harasser) was grieving his termination from employment with the Town of Westbrook.  This proposed settlement term was rejected by all defendants and ultimately Ms. Milardo agreed to the settlement of her claims against the Town, the Police Union and Mr. Senn without inclusion of this term;

10.    As of February 25, 2004, plaintiff has declined to sign the written settlement agreements.  It is my understanding that Ms. Milardo is refusing to sign these agreements on a desire to participate in the arbitration proceedings concerning the grievances of Douglas Senn, a conditional that was expressly excluded from the settlement agreement reached on December 5, 2003; and

11.    The foregoing is true and correct to the best of my knowledge and belief.

Dated at Hartford, Connecticut, this 11th day of March, 2004.

_____
Michael J. Rose

3

STATE OF CONNECTICUT            )
                               ) ss:  Hartford
COUNTY OF HARTFORD             )

    Subscribed and sworn to before me this 11th day of March, 2004.


_____
Commissioner of the Superior Court
Notary Public
My commission expires:

**<u>CERTIFICATION</u>**

       This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail, to the following counsel of record this 11th day of March, 2004.

Charles D. Houlihan, Jr., Esquire
P.O. Box 582
Simsbury, CT  06070

Susan M. Phillips, Esquire
Hinda K. Kimmel, Esquire
Eileen C. Duggan, Esquire
Suisman, Shapiro, Wool, Brennan
  Gray & Greenberg, P.C.
Two Union Plaza, Suite 200
P.O. Box 1591
New London, CT  06320-1591

Eric R. Brown, Esquire
AFSCME Council 15 Legal Dept
290 Pratt Street
Meriden, CT 06450

                             _____
                             Michael J. Rose