UNITED STATES DISTRICT COURT
for the
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RHEA MILARDO | : |
| | : CIVIL ACTION NO. |
| | : |
| vs. | : 303 CV 401 (CFD) |
| | : |
| TOWN OF WESTBROOK, | : |
| WESTBROOK POLICE UNION, | : |
| Local 1257, AFSCME Council 15, | : March 20, 2004 |
| and DOUGLAS SENN | : |

**MOTION TO OPEN ORDER OF DISMISSAL**

Rhea Milardo, Plaintiff herein, moves to open the order of dismissal and represents as follows:

**History of Case**

This is a Title VII action for sex discrimination by a female constable against the Town of Westbrook, and the local and state unions. On December 5, 2003, a mediation was held before Magistrate Judge Garfinkel and agreement was reached on the terms of the settlement.

The settlement has not been consummated because of (1) a dispute over its terms and (2) acts of retaliation, all as set forth in the opposition to motion to enforce settlement.

**Settlement Litigation**

On February 25, 2004, the Town of Westbrook filed a motion to enforce settlement agreement and/or judgment in accordance therewith.  Plaintiff opposes the motion on the basis that the Town is refusing to perform its promises (1) to revise its EEO Policy and (2) to not retaliate.

On February 27, 2004, Plaintiff's counsel appeared in court pursuant to court ordered hearing.  Counsel prepared to argue the outstanding motion to dismiss, but was told that the matter had been dropped from the docket after a settlement had been announced.

By notice to counsel dated February 9, 2004, the clerk informed the parties that an order of dismissal would be entered unless "counsel reports prior to that date that the case is not in fact settled."

**Basis for Motion**

Plaintiff believed and assumed that the motion to enforce judgment, *et al.* constituted a report that the case had not in fact settled within the meaning of the notice dated February 9, 2004.  Indeed, the terms of the settlement are being litigated and disputed.  Plaintiff was therefore surprised to learn that the order of dismissal had entered.

Because the scope of the settlement is in controversy, the matter is not settled and the case should be reopened.  Further, there appear to be demonstrable acts of

**Motion to Open Order of Dismissal - Page 2**

retaliation against Plaintiff for having either settled or insisting that all terms of the settlement be honored, with the latest action occurring within the past week.  This case continues to present serious issues of the protections of Title VII and Plaintiff requests that the case be reopened.

          **RHEA MILARDO**,
          **PLAINTIFF**

By: _____
      Charles D. Houlihan, Jr.
      Federal Bar No. CT 11416
      Post Office Box 582
      Simsbury, CT 06070

      Telephone:  (860) 658-9668
      E-Mail:    charles.houlihan@sbcglobal.net
      Telecopier:  (860) 658-1339

      **ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the above and foregoing instrument has been mailed by first class United States Mail, postage prepaid, to:

Alexandria L. Voccio, Esq
Michael J. Rose, Esq.
Martha A. Shaw, Esq.
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT   06114

fax:  522-9549

Representing Douglas Senn

Eric R. Brown, Esq.
AFSCME Council 15 Legal Dept.
290 Pratt Street
Meriden, CT   06450

fax:  203-237-2262

Representing Westbrook Police Union, Local 1257 and AFSCME Council 15

Hinda K. Kimmel, Esq.
Eileen C. Duggan, Esq.
Susan M. Phillips, Esq.
Matthew E. Auger, Esq.
Suisman, Shapiro, Wool & Brennan
Two Union Plaza, Suite 200
P.O. Box 1591
New London, CT   06320
fax:    860-442-0495

Representing the Town of Westbrook

on this the ___ day of March 2004.

_____
Charles D. Houlihan, Jr.

Use Of Bike Patrol Funds Questioned

BY KIM MARTINEAU
Courant Staff Writer

March 13 2004

WESTBROOK -- A local constable who launched a bike patrol program last summer using several thousand dollars in money donated by the public has accused the local police union of diverting some of the remaining money to settle a racial discrimination lawsuit he filed against the union last year.

Officer Benjamin Quinones sued the town and the Westbrook Police Union in May 2003, after the town fired another officer, Douglas Senn, amid allegations Senn had made disparaging remarks about Puerto Ricans. Quinones settled the lawsuit in January under a confidential agreement, but according to two sources, the town's insurance agency agreed to pay Quinones $25,000 while the union reluctantly agreed to pay $1,000.

The union recently voted to pay Quinones $1,000 from its various accounts, which include money Quinones had raised from local businesses to launch his beach bike patrol program. Quinones says the move was retaliation for his lawsuit - and possibly illegal. He has complained to the state police, who oversee the town's six member part-time police force. Copies of his complaint were distributed to the media Friday.

"Since the money was used for the wrong reason I will not be able to get the Mountain Bikes serviced for the beginning of the season," he wrote in a Feb. 25 letter to Trooper Thomas Inglis. "I am also unable to send any other officers to Mountain Bike School."

Inglis refused to comment on the complaint or say whether he plans to launch an investigation. Union president Joseph Pucillo said the union has done nothing wrong. Union members agreed to the settlement, he says, based on their lawyers' advice, not because they accepted any blame for a former member's remarks.

"I'm not happy this money is gone," said Pucillo. "(But) for me to have to pay for someone else's bigotry is offensive."

If anyone made off with the money, he added, it was Quinones. "It's not in my pocket or anyone else's pocket - it's in his pocket."

**Motion to Open Order of Dismissal - Page 5**

Quinones has an unlisted phone number and could not be reached for comment.

Roughly $3,600 was spent to purchase three bikes and train four officers to use them, according to Pucillo, leaving $1,400. First Selectman Tony Palermo refused to comment on the dispute. "This is all between him and the union," he said.

In 2002, state police investigated a complaint that Senn, a former union president, made racist and sexist remarks at a union meeting. Senn allegedly said he wouldn't work with blacks, Hispanics or women. Senn told state police that he may have made insensitive remarks, but claimed they were only a joke, according to the state police report. He later posted a letter of apology in the squad room. The board of selectmen later voted to fire him. Senn has been fighting ever since to get his job back.

Another constable, Rhea Milardo, has accused Senn of sexual harassment and has a federal lawsuit pending against him, the town and the police union.

Copyright 2004, Hartford Courant