UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RHEA MILARDO | : | NO.: 3:03CV0401 (MRK) |
| | : | |
| v. | : | |
| | : | |
| TOWN OF WESTBROOK, | : | |
| WESTBROOK POLICE UNION, | : | |
| Local 1257, AFSCME Council 15, | : | |
| and DOUGLAS SENN | : | MARCH 31, 2004 |

**DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION TO OPEN**

NOW COMES the defendant, **DOUGLAS SENN**, by and through his counsel, Howd & Ludorf, who respectfully objects to the plaintiff's Motion to Open. As specified with greater detail below, the plaintiff fails to meet the requirements of Rule 60, which would otherwise allow the Court to open a previously issued Order.

**I.   BACKGROUND:**

The plaintiff, **RHEA MILARDO**, is a constable employed by the Town of Westbrook. She had been a Title VII plaintiff in a lawsuit against her current employer, her union, and a former co-worker, Douglas Senn. In particular, Ms. Milardo sought compensatory damages because Defendant Senn allegedly stated that he would not work with "niggers, spicks and women." Mr. Senn was subsequently terminated for these alleged comments, but Ms. Milardo filed suit against her employer nonetheless, claiming that Westbrook was vicariously liable for

Mr. Senn's purported outburst. She sued Mr. Senn, as well as her local union.

Ms. Milardo participated in a settlement conference held on December 3, 2003. The settlement conference, which joined the <u>Quinones v. Senn</u> case,[1] which lasted approximately five hours, was conducted by The Honorable Magistrate William Garfinkel.

The case was settled by agreement of all parties. Thereafter Ms. Milardo began making new and additional demands (see attached letter from Attorney Houlihan) and sought to re-negotiate the settlement. In the interim, her fellow plaintiff, Mr. Quinones, has executed settlement agreements and has withdrawn his lawsuit.

## II.     **LAW AND ARGUMENT:**

### **The Court Should Deny The Plaintiff's Motion to Open.**

In this case, the parties arrived at a settlement which the plaintiff now wishes to rescind. However, the case had been reported settled, and the District Court has since dismissed the case pursuant to Federal Rule of Civil Procedure 40(a). Ms. Milardo now seeks to open the dismissal in order to assert that the case was never settled to begin with. However, both she and her attorney were specifically advised that the case would be dismissed absent notification to the Court that the matter had not been settled. For reasons unknown, Attorney Houlihan never advised the Court of his client's position. Moreover, Attorney Houlihan has not, to date, filed an

---

[1] Mr. Quinones is a Hispanic individual who claimed a similar Title VII violation.

objection to the defendant's Motion to Enforce. The entry of dismissal essentially moots the issue insofar as the plaintiff now has lost her right to pursue the case and must live by the settlement.

The Court should deny the plaintiff's Motion to Open because she has presented none of the reasons found in Rule 60. A dismissal was not entered due to mistake or excusable neglect: a dismissal was entered because the case was settled. Plaintiff's later repudiation of the agreement does not warrant a reopening of the dismissal. The fact remains that on December 5, 2003, the case was settled.

Moreover, the plaintiff does not have any "newly discovered evidence" nor does she have evidence of fraud, misrepresentation or the like.

The plaintiff's assertion of "retaliation" is not grounds to open the dismissal or void the settlement. If the plaintiff believes that she has been retaliated against (an assertion that is not supported by any admissible evidence, affidavit, or other documents), then the plaintiff may file a new suit under the "participation in" or "opposition to" clauses of Title VII.

Likewise, the plaintiff's Motion to File Documents "Under Seal" is little more than an ill-timed red herring. First, to the extent the plaintiff has pertinent or relevant evidence in this case, the material is well within the public realm, absent special circumstances. The plaintiff is a public employee. The defendants are either public employers, public sector union representatives, or public employees themselves. Accordingly, it is inconceivable that any document the plaintiff has that is relevant in this case would be withheld from public scrutiny.

In conclusion, the plaintiff utilized the resources of the judiciary in order to come to a monetary settlement offered in exchange for a withdrawal of her rather nebulous claim. As is the case often times, the defendants' incentive in providing the monetary settlement was to avoid the future costs of litigation. The defendants did not view the plaintiff's case as potentially meritorious: they simply wanted to avoid the necessity of paying four separate law firms to defend a specious claim of sex discrimination.

The plaintiff has now repudiated that agreement because, perhaps, she feels she can do better in subsequent negotiations. The Court should, nonetheless, honor the finality of settlement agreements and deny the plaintiff's Motion to Open.

### III.  CONCLUSION:

WHEREFORE, the defendant respectfully requests that the court deny the plaintiff's Rule 60 Motion to Open and deny the plaintiff's Motion to File Documents Under Seal.

DEFENDANT,
DOUGLAS SENN


By_____
   Michael J. Rose [ct14803]
   Howd & Ludorf
   65 Wethersfield Avenue
   Hartford, CT  06114
   Phone:  (860) 249-1361
   Fax:  (860) 249-7665
   E-Mail:  mrose@hl-law.com

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail, to the following counsel of record this 31st day of March, 2004.

Charles D. Houlihan, Jr., Esquire
P.O. Box 582
Simsbury, CT  06070

Susan M. Phillips, Esquire
Hinda K. Kimmel, Esquire
Eileen C. Duggan, Esquire
Suisman, Shapiro, Wool, Brennan
 Gray & Greenberg, P.C.
Two Union Plaza, Suite 200
P.O. Box 1591
New London, CT  06320-1591

Eric R. Brown, Esquire
AFSCME Council 15 Legal Dept
290 Pratt Street
Meriden, CT 06450

_____
Michael J. Rose