UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RHEA MILARDO | : |
| VS. | : CIVIL ACTION NO.: |
| | : 3 03 CV 0401 MRK |
| TOWN OF WESTBROOK, ET. AL. | : MAY 10, 2004 |

## MOTION FOR PROTECTIVE ORDER

Pursuant to Fed. R. Civ.P. 26 and 32, and Local R. Civ. P. 37, the defendants Westbrook Police Union Local 1257, and AFSCME Council 15 hereby move for a protective order from this court prohibiting the plaintiff from proceeding with the deposition of the defendant Westbrook Police Union Local 1257 on May 12, 2004 at the law offices of Plaintiff's counsel.

The defendants so move for the following reasons:

1. Defendants' counsel is unavailable to attend the deposition on said date because he is required to attend a medical consultation with his minor child;

2. The plaintiff seeks through the deposition to obtain information irrelevant to her claims against the defendants. Specifically, the plaintiff seeks information from a person who:

   a. "can identify the Assistant Attorney General who provided information and/or guidance to President Joseph Pucillo with respect to the application of the Mountain Bike Patrol

**ORAL ARGUMENT IS NOT REQUESTED**

>  Unit funds with respect to the settlement of this case. custody and control of the following described documents in the ordinary course of business."(sic);
>
> b.  "has knowledge of all assistance and/or guidance obtained by President Joseph Pucillo that formed the basis for his representation to the local union members that it was appropriate to use a portion of the application of the Mountain Bike Patrol Unit funds with respect to the settlement of this case. custody and control of the following described documents in the ordinary course of business." (sic).

Said information is irrelevant to the claims made by the plaintiff, and instead is solely related to the settlement of the matter which the plaintiff now contests, and of which the plaintiff opposes enforcement.

The matter is scheduled for a conference before Magistrate Judge Garfinkel on May 19, 2004, at which time the issue of the enforcement of settlement is to be heard. Any discovery should be postponed until completion of the settlement conference as settlement of the case in accord with the agreement already reached would render the need for discovery moot.

Wherefore, the defendants move that a protective order be issued staying discovery until after completion of the settlement conference.

THE UNION DEFENDANTS

*Eric R. Brown* (signature)

Eric R. Brown, CT13519
Staff Attorney
AFSCME Council 15 Legal Dept.
290 Pratt Street
Meriden, CT 06450
203-237-2250
Fax: 203-237-2262
E-mail: attyerb@yahoo.com
Juris No. 410629

3

## CERTIFICATION

The undersigned certifies that the foregoing was mailed postage prepaid to counsel for parties of record on the date set forth herein:

Susan Phillips
Matthew Augur
Eileen Duggan
Suisman, Shapiro, et. al.
2 Union Plaza
P.O. Box 191
New London, CT 06320

Michael J. Rose
Alexandria Voccio
Martha Ann Shaw
Howd & Ludorf
65 Wethersfield Ave.
Hartford, CT 06114-1190

John Bennett
Gould, Larson, et. al.
35 Plains Road
Essex, CT 06426

Charles Houlihan, Jr.
1276 Hopmeadow Street
P.O. Box 582
Simsbury, CT 06070-0582

_____
Eric R. Brown

4